UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**              CASE NO. 3:21-CR-00223-01

**VERSUS**                                JUDGE TERRY A. DOUGHTY

**ANTOYN A. WORDLAW**                     MAGISTRATE JUDGE MCCLUSKY

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 46] filed by Defendant Antoyn A. Wordlaw ("Wordlaw"). Wordlaw bases his motion on claims of ineffective assistance of counsel from his trial attorney. The Government filed a Response [Doc. No. 49], and Wordlaw filed a Reply [Doc. No. 52].

For the reasons set forth herein, Wordlaw's Motion is **DENIED**.

### I. BACKGROUND

On September 8, 2021, a federal grand jury returned a three-count indictment charging Wordlaw with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) ("Count I"), possession with intent to distribute cocaine base ("Count II"), and possession with intent to distribute marijuana ("Count III").[1] The Federal Public Defender was appointed to represent the Defendant.[2] On February 17, 2022, pursuant to a written plea agreement, Wordlaw pled guilty to Count I of the indictment.[3] On June 2, 2022, this Court sentenced Wordlaw to 234 months imprisonment, followed by five (5) years of supervised release.[4] Counts II and III were dismissed at the sentencing hearing pursuant to the plea agreement.[5]

---

[1] [Doc. No. 1].
[2] [Doc. No. 13].
[3] [Doc. No. 25].
[4] [Doc. No. 36].
[5] [Id.]

1

The Presentence Investigation Report ("PSR") determined that Wordlaw had a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of 188-235 months imprisonment.[6] The PSR also noted Wordlaw qualified for sentencing as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions for either a qualifying controlled substance offense or a crime of violence.[7]

On June 15, 2022, Wordlaw appealed his sentence.[8] On appeal, Wordlaw maintained that his sentence of 234 months was unreasonable and that the District Court erroneously applied the Career Offender Enhancement. On February 2, 2023, the United States Court of Appeals for the Fifth Circuit affirmed Wordlaw's sentence.[9]

In the present Motion to Vacate, Wordlaw alleges that his counsel was legally ineffective by failing to object to the use of his prior four convictions to sustain the career offender enhancement.

The issues are briefed, and the Court is prepared to rule.

## II.   LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither

---

[6] [Doc. No. 38, p. 18].
[7] [Id. at 12].
[8] [Doc. Nos. 36, 39, 40].
[9] [Doc. No. 45].

constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]" *Vargas v. U.S.*, S.D.N.Y.2011, 819 F.Supp.2d 366.

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to

4

prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

**III.   Analysis**

Wordlaw maintains that his counsel was ineffective in failing to object to the use of his prior four convictions to sustain the career offender enhancement. Specifically, Wordlaw contends that his attorney should have argued that the four convictions were not "controlled substance offenses" and should not have formed the basis of the career offender enhancement.

In his motion, Wordlaw cites *United States v. Gomez-Alvarez*, 781 F. 3d 787 (5th Cir. 2015) in support of his argument that his marijuana conviction from 2000 should not be considered a "controlled substance offense." However, as pointed out by the Government, *Gomez-Alvarez* does not stand for the proposition that "a pre-2018 predicate conviction does not qualify as a 'controlled substance offense' for purposes of the career offender guideline because hemp was subsequently removed from the CSA prior to the time of the federal sentencing." *United States v. Belducia-Macinas*, No. 20-50929, 2022 WL 1223800 at * 1 (5th Cir. April 26, 2022) (unpublished). Additionally, *United States v. Nava*, No. 21-50165, 2021 WL 5095976, at * 2 (5th Cir. November 2, 2021) (unpublished) made it clear that while other courts have adopted a different position than *Gomez-Alvarez*, the question remained open in the Fifth Circuit. *See also*, *United States v. Ordunez*, No. 21-50869, 2023 WL 4015265 (5th Cir. June 14, 2023). Because the question remained open in the Fifth Circuit, the petitioner could not establish plain error. For those same reasons, Wordlaw also cannot establish plain error.

Furthermore, Wordlaw maintains that his 2005 and 2011 cocaine convictions should not be considered "controlled substance offenses." Despite there being no specific Fifth Circuit case

addressing this argument, as pointed out by the Government, the analysis is similar to the marijuana argument. Thus, the Louisiana cocaine statutes are not overly broad because ioflupane was not included in both Louisiana state statute and the federal controlled drug schedules at the time the defendant was convicted.

The Court finds that Wordlaw's counsel was not ineffective in failing to object to the use of his prior convictions because there were "no solid meritorious arguments based on directly controlling precedent" on the issues presented. *United States v. Lagos*, 25 F.4th 329, 337 (5th Cir. 2022). Therefore, Wordlaw has failed to show that his attorney's actions were objectively unreasonable under the circumstances.

Further, even if Wordlaw had articulated legitimate arguments showing that his attorney's actions were objectively unreasonable under the first prong of the *Strickland* test, he is unable to overcome the second prong of the test. To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." There is no doubt here that even if his counsel's performance were deficient, which it was not, that the proceeding would have been different. Wordlaw's sentence would not have changed, and his motion is thus DENIED.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Antoyn A. Wordlaw's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 46] is **DENIED.**

MONROE, LOUISIANA, this 6th day of June 2024.

                                                           Terry A. Doughty
                                                           United States District Judge